IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE: PETITION OF SHARIFF LAYTON  )
FOR RETURN OF PROPERTY,            )          MISC. ACTION: 11-00033-KD-M
                                   )

**ORDER**

This matter is before the Court on Shariff Layton's *pro se* Motion to Return property (Doc. 1) (construed as a Rule 41(g)[1] motion) and the "Response of the United States" (Doc. 6).

Petitioner Layton seeks the return of two (2) cellular phones, a wallet, three (3) bank cards, a diamond-studded watch, a Pennsylvania state I.D., and $4,000 in U.S. Currency which he alleges "was seized from him by the U.S. Marshals on June 4, 2011 in Mobile, Alabama[]" when he "was arrested on a Fugitive Warrant[.]" (Doc. 1). Petitioner Layton alleges that either the United States Marshals or the Commonwealth of Pennsylvania unlawfully retained the property and has refused to return it to him. (Id.)

When a Rule 41(g) motion is filed after the conclusion of criminal proceedings, as is the case here, the motion is treated as a civil action in equity over which a district may exercise equitable jurisdiction. See, e.g., United States v. Machado, 465 F.3d 1301, 1307 (11th Cir. 2006), *overruled on other grounds by* United States v. Lopez, 562 F.3d 1309 (11th Cir. 2009). However, "Rule 41(g) permits only the recovery of property in the possession of the Government. Therefore, if the Government no longer possesses the property at issue, no relief is available under Rule 41(g)." United States v. Lauer, 2010 WL 1169937, *4 (S.D. Fla. Feb. 19, 2010). See also e.g., United States

---

1 Rule 41(g) of the Federal Rules of Civil Procedure provides: "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide

1

v. Reed, 340 Fed. Appx. 603, 604 (11th Cir. 2009) (unpublished) (noting that "Reed has sued the United States government in federal court seeking to recover property that was forfeited to a Florida county sheriff's office in a Florida state court proceeding…the '[d]efendant has simply chosen the wrong remedy in the wrong court[]'").

In the United States' Response (Doc. 6), the United States Marshals Service states, through the Declaration of Supervisory Deputy United States Marshal Edward A. Eversman, that they neither executed a warrant in regard to Petitioner Layton nor seized any of his property in 2011.  Thus, if the United States does not have possession of the property which is sought to be recovered, Petitioner Layton cannot avail himself of a Rule 41(g) remedy due to lack of jurisdiction.

Petitioner Layton was ordered to file any Objections to the United States' Response (Doc. 6) by April 27, 2012, and was notified that "[f]ailure to file any Objection by said date will result in the **DISMISSAL**" of his Petition on April 30, 2012 due to lack of jurisdiction. (Doc. 7).  To date, Petitioner Layton has filed no Objections to the United States' Response.  Accordingly, upon consideration and for those reasons stated *supra*, it is **ORDERED** that Layton's Rule 41(g) Petition (Doc. 1) is **DENIED** for lack of jurisdiction.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Petitioner Layton.

**DONE** and **ORDERED** this the **1st** day of **May 2012.**

/s/ Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**

---

the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."